UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRADLEY WAYNE SELLERS** | **CIVIL ACTION NO. 07-0890** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DONALD PARKS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**OPINION**

Before the Court is an appeal of the Bankruptcy Court's May 2, 2007 Order, which granted the motion of the debtors, Donald Wayne Parks and Betty D. Parks (collectively "the Parks"), to avoid and cancel Appellant's, Bradley Sellers's ("Sellers's"), judicial lien.

For the following reasons, the Bankruptcy Court's Order is REVERSED, and Sellers's Appeal is GRANTED.

**I.      FACTS AND PROCEDURAL HISTORY**

In 2001, Sellers obtained a judgment against Donald Wayne Parks.  Sellers secured the judgment with a judicial lien against the Parks's home, which was located at 287 Edward Ferry Road in Union Parish, Louisiana ("Edward Ferry Property").  Notice of the lien was filed in the land records of Union Parish on September 18, 2001.

In March 2005, the Parks filed Chapter 7 bankruptcy.  Shortly thereafter, a fire destroyed the house on the Edward Ferry Property.  The Parks's insurance company paid off the $43,086.98 mortgage on the property and issued a check to the Parks for $33,355.76.

The Parks turned over the $33,355.76 to the Trustee, and the Trustee promptly filed a Motion to Pay Homestead Exemption Funds to Debtor ("Trustee's Motion").  [Doc. No. 2-5].

The Trustee's Motion sought the Court's permission to pay the Parks $25,000 from the insurance proceeds and to retain the balance of $8,355.76 for distribution to creditors.  According to the Trustee's Motion, the $25,000 represented "the full sum of . . . [the Parks's] homestead exemption."  Id.

After a hearing, the Bankruptcy Court granted the Trustee's Motion on April 27, 2005.  Judge Henley A. Hunter "ordered that [the] Trustee . . . pay to the [Parks] . . . the amount of Twenty Five Thousand Dollars . . . representing the debtors' homestead exemption . . . ." [Doc. No. 2-8].

Over a year later, the Parks filed a Motion to Avoid Lien with Bradley Wayne Sellers and for the Return of Debtors' Property.  In their motion, the Parks argued that the Edward Ferry Property, now a vacant lot, was exempt from the bankruptcy estate, and as such, Sellers's lien should be avoided under 11 U.S.C. § 522(f).[1]

Sellers opposed the motion, arguing that the Parks had already received the cash value of their homestead exemption, and, therefore, the Edward Ferry Property did not qualify for a homestead exemption.  According to Sellers, the Parks were "attempting to commit a fraud on [the Bankruptcy Court] and the entire bankruptcy process by still claiming [that the Edward Ferry Property was] exempt." [Doc. No. 2-12].  Sellers also claimed that he did not possess any of the Parks's personal property.  After a hearing, the bankruptcy judge, in a two-sentence decision, "ordered that the judgment lien for [Sellers] against Donald Parks . . . be cancelled in full."

---

[1] The Parks also asked that the Court order Sellers to return the Parks's personal property.  Allegedly, Sellers had been arrested for burglarizing the Parks's home the week before.  Sellers denied that he possessed the Parks's personal property.  This issue is not on appeal.

[Doc. No. 2-14].

## II. LAW AND ANALYSIS

### A. Standard of Review

This Court reviews an appeal from bankruptcy court under the same standard that the Court of Appeals reviews a district court decision. See 28 U.S.C. § 158(c)(2). Accordingly, this Court reviews the bankruptcy judge's conclusions of law and mixed questions of law and fact de novo. In re Quinlivan, 434 F.3d 314, 318 (5th Cir. 2005) (citing In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000)). The district court reviews the Bankruptcy Court's findings of fact for clear error. Id.

### B. Whether the Vacant Edward Ferry Property Qualifies for a Homestead Exemption

Sellers has appealed the Bankruptcy Court's ruling, arguing that Judge Hunter erred in cancelling the judicial lien on the Edward Ferry Property because the this property was not exempt under the Bankruptcy Code. The Parks have not filed an appellee brief.

Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien in property "to the extent that such lien impairs an exemption to which the debtor would be entitled under subsection (b)." Under 11 U.S.C. § 522(b) a state may either choose to adopt the federal bankruptcy exemptions listed in subsection (d), or the state may authorize its own exemptions. See 11 U.S.C. § 522(b). Louisiana has opted out of the federal bankruptcy exemptions and has authorized state law exemptions. La. Rev. Stat. § 13:3881(B)(1); see also In Re Sinclair, 417 F.3d 527, 529 (5th Cir. 2005). Thus, the Court must look to Louisiana law to determine whether

3

a particular exemption is applicable.  In re McCollum, 363 B.R. 789, 792 (E.D. La. 2007).

Louisiana provides for a statutory exemption from seizure and sale of an owner-occupied residence.  La. Rev. Stat. § 20:1(A).  Under that statute, the homestead, with limited exceptions, "is exempt from seizure and sale under any writ, mandate, or process whatsoever . . . ."  La. Rev. Stat. § 20:1(A)(2).  The exemption extends to $25,000 of the homestead's value.  La. Rev. Stat. § 20:1(A)(2).  The $25,000 homestead exemption also applies to the insurance proceeds from exempt property.  In re McCollum, 363 B.R. at 793 ("Thus, the homestead exemption applies to the insurance proceeds just as it had to the home itself.")(citing Thompson-Ritchie & Co. v. Graves, 167 La. 1024, 120 So. 634 (1929)).

As noted above, the Bankruptcy Court awarded the Parks $25,000, which, according to Judge Hunter's order, "represent[ed] [their] homestead exemption." [Doc. No. 2-8].

Because the Parks received the full value of their homestead exemption, Sellers argues that his judicial lien was still secured by the vacant Edward Ferry Property and the $8,355.76 in remaining insurance proceeds.  Indeed, during the bankruptcy proceedings the Parks did not dispute this argument.

The Parks did, however, argue that the vacant Edward Ferry Property was still exempt property and that the Bankruptcy Court should therefore "avoid and cancel" Sellers's lien under section 522(f).

Contrary to the Parks's argument, the vacant lot did not qualify for a homestead exemption.  Under Louisiana law the "[homestead] exemption extends to twenty-five thousand dollars in value of the homestead . . . ."  La. Rev. St. § 20:A(2).  In this case, the Parks had already received the full value of their homestead exemption; thus, the vacant lot and insurance

4

proceeds were excess equity subject to Sellers's lien.

Because the vacant lot did not qualify as exempt property under 11 U.S.C. § 522(b), the Bankruptcy Court erred in cancelling Sellers's judicial lien under section 522(f).

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's May 2, 2007 Order [Doc. No. 2-13] is REVERSED, and Sellers's Appeal is GRANTED. Sellers retains his lien over the Edward Ferry Property.

MONROE, LOUISIANA, this 20 day of November, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE